IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02439-MEH

PAYMENT BROKERS GROUP, LLC,

    Plaintiff,

v.

AGENTRA, LLC,
DAVID LINDSEY, individually and d/b/a BRIGHT IDEA DENTAL,
MYHEALTHPASS, LLC, and
INNOVATIVE HEALTH INSURANCE PARTNERS, LLC,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's "Motion for Leave to File Second Amended Complaint and Join Bio Dental, LLC as a Defendant" ("Motion"). ECF 22. Plaintiff seeks to amend its First Amended Complaint, in part, to correct deficiencies Defendants identified in their motion to dismiss. ECF 18. Defendants filed a three-page response in opposition to the Motion. ECF 25. The Court requires no further briefing. *See* D.C. Colo. LCivR 7.1(d). For the following reasons, the Court grants Plaintiff's Motion.

    Rule 15 of the Federal Rules of Civil Procedures states that after the deadline for amending a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

deficiencies by amendments previously allowed, or futility of amendment." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Particularly instructive here is the Advisory Committee's comments concerning the 2009 Amendments to Rule 15: "This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the [Rule 12] motion. A responsive motion may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments. While the note focuses on the rule's allowance of amendment once as a matter of course, the committee specifically emphasizes the importance of allowing amendment to correct deficiencies in the pleading, which may be raised by a Rule 12 motion, and frame the issues to be decided.

In this case, Plaintiff filed the present Motion after the Defendants filed their Rule 12 motion. The Court has not entered a scheduling order, so there is no current deadline for amendment of pleadings. Therefore, the Court finds that Plaintiff's proposed amendment is timely.[1] Moreover, Plaintiff contends that its proposed Second Amended Complaint responds directly to Defendant's Rule 12 motion. Mot. at 4 ("The proposed Second Amended Complaint addressed complaints raised by Defendants to the current First Amended Complaint."). Accordingly, the Court finds that it is not necessarily improper to amend a pleading pursuant to Rule 15 to correct deficiencies in the pleading that are raised in a Rule 12 motion. Further, the Court perceives no prejudice to Defendants from the requested amendment. Plaintiff avers that

---

[1] Additionally, given there is no need to amend a scheduling order deadline, Plaintiff's request does not implicate the "good cause" requirement of Fed. R. Civ. P. 16.

"[t]here are no new allegations, only clarification of existing issues" in the proposed Second Amended Complaint. Mot. at 4. For this reason, the Court finds that Defendants will not be prejudiced this early in the case, because they have "adequate notice . . . and [have] ample opportunity to respond." *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009). Additionally, Defendants do not contend (and the Court finds no authority to hold) that there is any bad faith or dilatory motive.

Defendants urge the Court to deny leave to amend based on Plaintiff's "repeated failure to cure deficiencies." Resp. at 2. This argument is inapplicable in this instance. Plaintiff amended its Complaint as a matter of course in response to this Court's Order to Show Cause. ECF 6. Plaintiff's amended allegations in the First Amended Complaint concerned jurisdictional issues. ECF 11. Currently, Plaintiff seeks to amend based on deficiencies identified by Defendants' motion to dismiss. Plaintiff has not had the opportunity to address those concerns. Thus, the Court will not deny leave to amend for any failure to cure past deficiencies.

Regarding futility, although the Court is aware of case law applying a Fed. R. Civ. P. 12(b) standard to a futility challenge under Rule 15(a), in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter. *See Fluker v. Federal Bureau of Prisons*, No. 07-cv-02426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. April 21, 2009) (finding that futility arguments would be "more efficiently raised in the context of a Rule 12(b)(6) motion"). The Court finds that any futility argument Defendants might make would more properly be raised and adjudicated in a Rule 12(b) motion, rather than indirectly through opposition of a Rule 15(a) motion. *Id.*

The Court notes that Defendants insist that this Court enter an order disallowing any further attempts to amend. *Id.* ("Defendant[s] respectfully request[] that this Court also order Plaintiff's

3

third complaint will be its last attempt at amending its complaint."). Such a request is properly raised in a motion, not in a response brief. D.C. Colo. LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion."). Hence, the Court will not consider the argument at this time.

Accordingly, for the reasons stated above and in the interest of justice, Plaintiff's "Motion for Leave to File Second Amended Complaint and Join Bio Dental, LLC as a Defendant" [filed October 2, 2020; ECF 22] is **granted**. Plaintiff shall file a clean copy (omit strikethroughs and underlines) of the Second Amended Complaint **on or before October 29, 2020**. Defendant shall file an answer or other response in accordance with Fed. R. Civ. P. 15(a).

In light of this order, Defendants' motion to dismiss [filed September 14, 2020; ECF 18] is **denied without prejudice** with leave to re-file, if Defendants so choose, in response to the Second Amended Complaint. *See Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.") (citing *Miller v. Glanz*, 948 F. 2d 1562, 1565 (10th Cir. 1991)); *see also Robinson v. Dean Foods Co.*, No. 08-cv-01186-REB-CBS, 2009 WL 723329, at *4 (D. Colo. Mar. 18, 2009) (citation omitted) ("Generally, when an amended complaint is filed, the previous complaint is wiped out and the operative complaint is the most recently filed version.").

Dated at Denver, Colorado, this 26th day of October, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge