IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02439-MEH

PAYMENT BROKERS GROUP, LLC,

    Plaintiff,

v.

AGENTRA, LLC,
DAVID LINDSEY, individually and d/b/a BRIGHT IDEA DENTAL,
MYHEALTHPASS, LLC,
INNOVATIVE HEALTH INSURANCE PARTNERS, LLC, and
BID DENTAL LLC,

    Defendants.

───────────────────────────────────────────────────────────────

## ORDER
───────────────────────────────────────────────────────────────

**Michael E. Hegarty, United States Magistrate Judge**.

Plaintiff Payment Brokers Group, LLC ("Plaintiff") brings breach of contract claims against the Defendants in its Second Amended Complaint ("SAC"). ECF 28. Defendants have filed the present motion to dismiss ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6). ECF 34. The Motion is fully briefed. ECF 35, 36. As set forth below, the Motion is granted in part and denied in part, with leave to file a Third Amended Complaint.

## BACKGROUND

The following are material, factual allegations (as opposed to legal conclusions, bare assertions, or conclusory allegations) made by Plaintiff in its SAC, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that it executed contracts with the Defendants,[1] each titled "Preferred Pricing and Business Continuation Plan." SAC at ¶¶ 10–13. Pursuant to these contracts, "Defendants would receive a 'Preferred Discount Rate' for credit card and debit card processing (2.89 Base Rate) as well as ACH transactions that go into effect as of March 1, 2019 for all accounts controlled by Plaintiff." *Id.* at ¶ 14. Defendants were to continue processing transactions at current dollar volumes or higher for not less than three years. *Id.* at ¶ 15. Plaintiff asserts that Defendants stopped processing at the current volumes and "instead drastically reduced their volumes to take advantage of the 'Preferred Pricing Structure.'" *Id.* at ¶ 16. As a result, "Defendants received millions of dollars in discounts that Defendants did not qualify for under the four (4) contracts." *Id.* at ¶ 17. Plaintiff contends that it has been injured in an amount excess of two million dollars. *Id.* at ¶ 22.

## LEGAL STANDARDS

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare

---

[1] Defendants allege confusion over whether Plaintiff asserts a contract was executed with Defendants David Lindsey and BID Dental, LLC. The Court addresses that point below.

assertions, or merely conclusory. *Id.* at 680. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

Plausibility refers "'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1192. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## ANALYSIS

Defendants raise two arguments in their Motion. First, Plaintiff "improperly equivocates by alleging that 'Defendant Lindsey and/or BID Dental executed a contract with Plaintiff.'" Mot. at 2 (quoting SAC at ¶ 11). Second, the SAC improperly "lumps together all Defendants when alleging breach." *Id.* at 3. The Court agrees with Defendants as to the former but disagrees as to the latter.

### I.   Defendant Lindsey and/or BID Dental

The allegation at issue states, in its entirety,

> On or about March 1, 2019, Defendant Lindsey and/or BID Dental executed a contract with Plaintiff entitled "Preferred Pricing and Business Continuation Plan for Bright Idea Dental." The contract is signed by David Lindsey for Bright Idea Dental. Upon information and belief, Bright Idea Dental is another name for BID Dental, LLC.

SAC at ¶ 16. Defendants contend that the use of "and/or" improperly equivocates in violation of proper pleading requirements. *See Ayon v. Dent Denver Sch.*, 2013 WL 1786978, at *6 (D. Colo. April 26, 2013) ("Indeed, the purpose of the plausibility requirement is to solve this very problem by heightening the applicable pleading standards—i.e., to provide fair notice to defendants of the actual grounds of the claim against them.") (internal quotation marks and citation omitted); *see also Pennsylvania Employees Benefit Trust Fund v. Astrazeneca Pharmaceuticals LP,* 2009 WL 2231686 at *3 (M.D.Fla.2009) (finding that the use of "and/or" suggests that the plaintiff itself is unsure of its claims).

In *Avon*, the plaintiff brought a claim for intentional interference with a contract, a claim requiring a showing of personal animus. 2013 WL 1786978, at *5. As relevant here, the court there found Plaintiff's claim was deficient because Plaintiff stated that an individual "'was' acting out of 'personal animus' in the third line of paragraph 81 of the Amended Complaint—and then,

4

at the sixth line, Plaintiff state[d] that [the individual] '*may*' have been motivated by 'person [sic] animus.'" *Id.* at *6. The court held that was an improper equivocation in violation of the pleading standards under *Twombly* and *Iqbal*. *Id.*

In its response, Plaintiff "concedes that discovery in this case may lead to determining one of these Defendants is not proper, thus [explaining the inclusion of] the 'or' in Paragraph 28." Resp. at 4. Plaintiff further explains that the contract "was either signed in [Defendant Lindsey's] individual capacity or for 'Bright Idea Dental.'" *Id.* However, that allegation is not in the SAC and cannot be considered here. The SAC states that the "contract is signed by David Lindsey for Bright Idea Dental." SAC at ¶ 11. The Court agrees with Defendants that Plaintiff equivocates. In the beginning of the allegation, Plaintiff contends that Defendant Lindsey and/or BID Dental is liable but then suggests that David Lindsey signed on behalf of (and thus not individually) Bright Idea Dental—another name for BID Dental. While the Court recognizes that the equivocation in *Avon* occurred in an element of a claim, the Court finds no material difference here in which the equivocation occurs with regard to the liable defendant. Defendant Lindsey should be afforded the proper notice of whether he is potentially liable for the alleged breach of contract. Therefore, the Court grants Defendants' Motion with regard to Defendants Lindsey and BID Dental.

**II.  Breach**

Defendants contend that all claims should be dismissed because they do not have fair notice of "how *each* Defendant purportedly wronged Plaintiff." Mot. at 3. Specifically, Defendants allege that they

> cannot tell whether Plaintiff contends that (a) each and every Defendant lowered its transaction volume from March 2017; (b) less than all but more than one Defendant lowered their transaction volumes (since the allegations of breach refer to Defendants, plural); or (c) Defendants' transaction volume in the aggregate lowered, leaving open the possibility that one Defendant lowered its transaction

5

>  volume to such an extent that the aggregate transaction volume of all Defendants fell below March 2017 levels.

*Id*. at 3–4.

Plaintiff responds that the SAC is unequivocally clear: the SAC "states that all of the Defendants lowered their processing volumes." Resp. at 7. Defendants contend that accepting Plaintiff's interpretation would require the Court to take a liberal construction of the SAC—an improper action since Plaintiff is not *pro se*—because there are three possible interpretations of the allegations as mentioned above. Reply at 4.

The Court is not persuaded by Defendants' arguments. Defendants would have the Court believe that Plaintiff's allegations at paragraphs 16 and 20 are unclear and fail to put Defendants on notice of the claims. Plaintiff has four separate allegations concerning the execution of contracts with each of the Defendants. SAC at ¶¶ 10–13. The next paragraph states that "[u]nder each of the contracts, Defendants would receive a "Preferred Discount Rate' for credit card and debit card processing . . ." *Id.* at ¶ 14. The Court finds this paragraph to unequivocally mean all Defendants. Then, Plaintiff alleges that "[a]s consideration for the 'Preferred Discount Rate,' each of these contracts required Defendants to continue to process transactions at the current dollar volumes of higher for a period of not less than three (3) years." *Id.* at ¶ 15. Again, the Court finds (and Defendants do not contest) that this allegation references all Defendants.

Defendants argue that the next paragraph becomes unclear as to what Defendants are being accused: "Following the execution of the contracts, Defendants ceased processing at the then current volumes and instead drastically reduced their volumes to take advantage of the 'Preferred Pricing Structure.'" *Id.* at ¶ 16. The Court recognizes that this allegation lacks the "each of" phrase used in the preceding two allegations. But there is no indication or reason to believe that Plaintiff suddenly switched to referencing less than all Defendants in this allegation, especially

6

since Plaintiff demonstrated ability to distinctly separate Defendants earlier in the SAC when discussing the execution of the contracts. Moreover, paragraph 17 alleges that the Defendants' actions caused them to receive millions of dollars "under the four (4) contracts." SAC at ¶ 17. While not explicit, this allegation implies that Plaintiff alleges a breach of each of the contracts. Therefore, taken as a whole, the Court finds that Plaintiff has plausibly pleaded the breach element of its breach of contract claims in the SAC.

### III.    Leave to Amend

Defendants urge the Court to deny Plaintiff leave to amend in the event the Court grants any part of their Motion. Specifically, Defendants contend that denial of leave to amend is appropriate for "repeated failure to cure deficiencies" and "futility of an amendment." Mot. at 4 (quoting *Triplett v. LeFlore Cty., Okla.*, 712 F.2d 444, 446 (10th Cir. 1983)).

Rule 15 of the Federal Rules of Civil Procedures states that after the deadline for amending a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

The Court finds Defendants' arguments unpersuasive. Plaintiff filed its First Amended Complaint ('FAC"), ECF 11, in response to this Court's order to show cause, ECF 6. Plaintiff amended as a matter of course solely to address jurisdictional questions raised by the Court. Defendants then filed their first motion to dismiss. ECF 18. Subsequently, Plaintiff moved to

amend its FAC, in part, to correct deficiencies identified by Defendants. ECF 22. The Court gave Plaintiff leave to file its SAC. Like with their previous motion, Defendants continue to argue that Plaintiff improperly lumps all Defendants together. The Court does not agree with that argument and thus finds Plaintiff did not fail to cure that prior deficiency. Further, Defendants could not have previously raised their argument of equivocation since Plaintiff added Defendant BID Dental and the "and/or" language as part of its SAC. Plaintiff has not had an opportunity to address this issue. Also, the Court does not find that allowing amendment will be futile. Consequently, the Court finds that, in the interests of justice, Plaintiff should be afforded a chance to amend to correct the deficiency identified in this Order.

## CONCLUSION

Defendants' Motion [filed November 10, 2020; ECF 34] is **granted in part** and **denied in part**. The Motion is granted with respect to Defendant David Lindsey and BID Dental, LLC; the claims against them are dismissed without prejudice, with leave to file a Third Amended Complaint. The Motion is denied in all other respects.

Respectfully submitted this 22nd day of December, 2020, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge